## SUPREME COURT—IN BANCO.

### JOHN H. WOOD *vs.* J. M. ELDERTON AND J. W. E. MAIKAI—
### GARNISHEE.

No privity of contract exists between a public disbursing agent of the Government moneys and the officers or servants of the Government, among whom such funds may be ultimately distributed. Therefore, the money passing through the hands of such agent can not be attached by the process of garnishee, by the creditor of a Government official.

JUSTICE ROBERTSON delivered the judgment of the Court as follows :

This case comes before the Court on exceptions to the decision of the Police Justice of Honolulu, who, while rendering judgment against the principal defendant for the amount of plaintiff's claim, discharged the garnishee.

It appears from the statement of facts in the case, that at the time process was issued from the Police Court, the defendant was a captain of artillery in his Majesty's service, and the garnishee was paymaster of the troops. Process was served upon the latter, under the Act of 1856, with the view of attaching in his hands, the monthly pay of the defendant, to meet the plaintiff's claim, and the principal point now raised by counsel for the garnishee is, that in his official capacity as Paymaster General he cannot be held liable as the trustee of the defendant, nor can the money passing through his hands, as a disbursing agent of the Government, be attached by process of garnishee.

That Mr. Maikai could not be considered as the trustee of the defendant in respect of his pay as a military officer, coming through the hands of the former, as Paymaster of the King's troops, is in our opinion quite clear, and we think the argument of Mr. Maikai's counsel is well sustained by authority. (See Cushing's Treatise on the Trustee Process, p. 59 ; Kent's Commentaries, vol. 2, p. 488, note c.; Wendell *vs.* Pierce, 13 N. H., 502, cited in U. S. Digest, vol. 7, p. 467, sec. 7 ; Opinions U. S. Attorney Generals, vol. i., p. 604.)

No privity of contract existed between the defendant and Mr. Maikai, which could render him chargeable as the "agent,

factor or trustee" of the former, in respect of his pay as an officer.. The funds entrusted to the latter, as a disbursing agent of the Government, so long as they remain in his hands in his official capacity, are the funds of the Government, and not of the individuals among whom they are ultimately to be distributed. The Paymaster is not their debtor.

In the case of Chealy *et al. vs.* Brewer and Trustee, in the Supreme Court of Massachusetts, in which a county treasurer was summoned as the Trustee of the principal defendant, and disclosed that he had in his hands as such treasurer, at the time of the service of the writ, a sum of money which was due to the defendant, for his services as a juror, which sum he was by law obliged to pay to the defendant, the Court decided that he could not be charged as trustee of the defendant. Justice Sedgwick, after explaining the opinion of the Court, said : "The consequence of this opinion is, that a public officer who has money in his hands to satisfy a demand which one has upon him, merely as a public officer, cannot for that cause be adjudged his trustee." (See Mass. Rep., vol. 7, p. 260.)

A case still more directly in point than the above, has been decided in the Supreme Court of the United States. That was one of six cases depending upon the same principle, brought before that Court by writs of error from one of the State courts of Virginia. Six writs of attachment had been issued by a Justice of the Peace, at the suit of boarding house keepers against certain seamen of the frigate " Constitution." The writs were laid on moneys in the hands of the Purser, due to the seamen for wages. The money was afterwards paid to the seamen by the Purser, in disregard of the attachments, by order of the Secretary of the Navy.

Justice McLean, in delivering the judgment of the Court, said : " The important question is, whether the money in the hands of the Purser, though due to the seamen for wages, was attachable. A Purser, it would seem, cannot in this respect, be distinguished from any other disbursing agent of the Government. If the creditors of these seamen may, by process of attachment, divert the public money from its legitimate and appropriate object, the same thing may be done as regards the pay of our officers and men of the army and navy ; and also in

every other case where the public funds may be placed in the the hands of an agent for disbursement. To state such a principle is to refute it. No Government can sanction it. At all times it would be found embarrassing, and under some circumstances it might be found fatal to the public service." (Buchanan *vs.* Alexander, Curtis' Dec. Sup. Court, U. S. vol. 16, p. 10.)

We are all of the opinion that the supposed trustee in the present case was rightly discharged by the Court below.

Judgment affirmed.

Mr. Hinton, for the plaintiff.

Mr. Bates, for the trustee.