SUN HOP SING *v.* WRIGHT and WILLARD, and J. F. CLAY, Garnishee.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED APRIL 1, 1896.                    DECIDED APRIL 13, 1896.

JUDD, C.J., FREAR, J., AND P. NEUMANN, ESQ., OF THE BAR, SITTING IN PLACE OF MR. JUSTICE WHITING, DISQUALIFIED.

W. was sergeant-at-arms of the Senate, employed at $4 per diem. C. was Secretary of the Senate, and disbursed the funds provided for its expenses.

Held, that C. was properly held as garnishee, and the wages of W. in his (C.'s) hands were subject to garnishment under the "Act of 1890 to facilitate the collection of debts from Government beneficiaries."

OPINION OF THE COURT BY MR. NEUMANN.

This is an appeal from a judgment rendered by Hon. W. A. Whiting in an action upon a promissory note made by Wright and Willard in favor of plaintiff, and sustaining a garnishment of funds in the hands of J. F. Clay, garnishee.

At the time of service of the garnishment Clay was Secretary of the Senate of the Republic of Hawaii, and made return that he held subject to such garnishment fifty dollars, that sum being twenty-five per cent. of salary due to defendant Wright for

services as sergeant-at-arms of the Senate, and whose salary was four dollars per diem as such officer.

It has been well settled that money passing through the hands of a public disbursing agent of the Government could not be attached by process of garnishment by a creditor of an officer of the Government. *Wood v. Elderton, Maikai, garnishee,* 2 Haw. 80.

In the session of 1890 the Legislature passed the Act entitled "An Act to facilitate the collection of debts from Government beneficiaries." Laws 1890, Ch. 50, p. 79. Section 1 of that Act defines a Government beneficiary as "any officer or employee or other person in the service of the Hawaiian Government, or in receipt of or entitled to a salary, stipend, wages, annuity or pension from the said Government or any department, board or bureau thereof, shall * * * * be known as a Government beneficiary."

Section 2 provides that such stipend, wages, etc., may be attached for payment of debts of a beneficiary. Section 8 limits the amount of wages which may be attached to 25 per cent. of the amount due to the beneficiary. The remaining sections of the Act substantially provide and set forth the proceedings, process and service of process required to obtain and sustain the attachment or garnishment. Section 13 provides "that for the purposes of this Act it shall be sufficient to serve such copy of process (garnishee process) upon the officers hereinafter respectively named; that is to say," etc.

The sub-sections specify in detail the persons or officers upon whom service may be made, who are generally those who have the power or authority to control the payment or refusal to pay the moneys to which the Government beneficiary is entitled, and include officers of the Executive and Judiciary departments. But these sub-sections do not designate or specify any public disbursing agent of the Legislature upon whom service of process may be made to garnishee stipend, salary or wages to which its employees or those in its service may be entitled.

We approve the conclusion drawn by the court below, to-wit,

that Section 13 is not intended to and does not limit the definition of Government beneficiaries set forth in the first section of the Act, but only specifies upon whom the service of process shall be made in particular cases therein enumerated, and the maxim of *expressio unius est exclusio alterius* is not applicable. Therefore, if the defendant Wright was a Government beneficiary, and Clay at the time was the disbursing agent of the Government, having funds from which the services of Wright were payable, both which questions must be answered in the affirmative, the process of garnishment was valid.

Judgment appealed from affirmed.

*S. M. Ballou*, for plaintiff.

*J. A. Magoon*, for defendants.