See Kong v. Chillingworth, 19 Haw. 428.

SEE KONG *v.* CHARLES F. CHILLINGWORTH, AND WILLIAM SAVIDGE, CLERK OF THE SENATE, AND J. H. FISHER, AUDITOR OF THE TERRITORY OF HAWAII, GARNISHEES.

APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

SUBMITTED APRIL 21, 1909.                    DECIDED APRIL 23, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

GARNISHMENT—*government beneficiaries.*

By the provisions of ch. 136 R. L. the salary of a territorial senator is subject to garnishment to the extent of twenty-five per cent. for payment of his debts, and as the clerk of the senate pays the salary on the warrant of the territorial auditor those officials are properly served with garnishee process. The statute is not against the 14th amendment nor in conflict with Secs. 25 or 55, Organic Act.

OPINION OF THE COURT BY HARTWELL, C.J.

This was an action to recover $100 with interest on the defendant's promissory note of April 6, 1904. The complaint alleged that the defendant, a senator from the third senatorial district, is a government beneficiary within the meaning of ch. 136 R. L. and is entitled to receive a salary of $400 in three equal instalments on and after the first, thirtieth and fiftieth days of the session, and contained a request that the court insert in the summons a direction to the officer to leave a true and attested copy with the clerk of the senate and the auditor of the Territory. The defendant moved that the garnishees be discharged on the grounds that a senator is not a government beneficiary as defined by Sec. 2128 R. L. and that if he were the statute would conflict with Sec. 55 of the Organic Act granting legislative power to the Territory and in violation of Sec. 25 of the act authorizing each house to punish any one not a member who shall be guilty of disrespect to the house or on account of

the exercise of any legislative function threaten harm to the body or estate of any member, and would be undue interference with the people's right to legislation and with senators in discharge of legislative functions. The motion was granted and the plaintiff appealed on the grounds that it was error to rule that the defendant was not a government beneficiary or that his salary as senator could not be garnished under ch. 136 R. L.

The defendant's brief claims that a senator is not a government beneficiary as under the Organic Act he derives his authority from the people of his district; that the senate is a distinct department of the government exercising sovereign powers subject only to restrictions imposed by the constitution or the Organic Act; that it would be against public policy to attach the salary of any senator or to sue him during the session; that the salaries are exempt from attachment during the session even if process could be issued against a senator; that the salary must be earned before it can be garnished; that the clerk of the senate and the auditor cannot under the statute be joined as garnishees; that the legislature did not intend to include senators and representatives as government beneficiaries, and that the statute is in violation of the 14th amendment, being class legislation discriminating against citizens in government service.

The meaning of the statute is so obvious and clear that it requires no construction. Every government official from the highest to the lowest, whether in the legislative, judicial or executive departments of the government, is necessarily included in its terms if in receipt of or entitled to a salary from the government of the Territory. *Sun Hop Sing v. Wright,* 10 Haw. 260. Whether the public is likely to be as well served by officers out of whose salaries one-fourth may be attached and applied in payment of their debts is not a question of law but of policy only. Nor can we hold the statute unconstitutional on the ground that it is against public policy that a percentage of the salaries of legislators, judges and governors, if paid by

See Kong v. Chillingworth, 19 Haw. 428.

the Territory, should be subject to attachment for their debts.

It is only the salaries of public officials that can thus be attached, but this is not in violation of the 14th amendment denying to any person equal protection of the laws or abridging the privileges or immunities of citizens.

Defendant's citations upon liberal construction of garnishment statutes or which refer to statutes for garnishment of debts and require the debt attached to be due and payable are not applicable to the present statute.

As senators are accustomed or entitled to draw their salaries from the clerk of the senate upon a warrant of the auditor of the Territory the statute would authorize garnishing each of those officials.

Order discharging garnishees rescinded; case remanded.

*T. M. Harrison* for plaintiff.

*G. A. Davis* for defendant and garnishees.