HILO FINANCE & THRIFT COMPANY, LIMITED, *v.* ROSE AHUNA AND H. N. AHUNA, DEFENDANTS; THOMAS H. TREADWAY, AUDITOR, TERRITORY OF HAWAII, JOSEPH ORDENSTEIN, CLERK, HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF HAWAII, AND RAYMOND C. BROWN, SECRETARY OF HAWAII, GARNISHEES.

No. 2012.

SUBMITTED MAY 5, 1931.                    DECIDED MAY 22, 1931.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

On the 21st day of February, 1931, the plaintiff brought an action in the district court of South Hilo against the

defendants Rose Ahuna and H. N. Ahuna for the recovery of the sum of $44.50, the amount due on a judgment previously recovered against the said defendants in said court. The auditor of the Territory of Hawaii, the clerk of the house of representatives of the legislature of Hawaii and the secretary of the Territory of Hawaii were named as garnishees and service was duly made upon them. The district magistrate entered judgment against the defendants for the amount sued for together with interest and costs. He also entered judgment discharging the garnishees upon their respective answers. Whereupon the plaintiff appealed to this court on the following points of law: "1. That the district magistrate erred in holding that H. N. Ahuna, one of the defendants above named, is not a government beneficiary within the meaning of the statute. 2. That the district magistrate erred in holding and deciding that the salary of the said H. N. Ahuna, as a member of the house of representatives of the legislature of Hawaii, is not subject to garnishment. 3. That the district magistrate erred in discharging the said garnishees."

It is conceded that H. N. Ahuna, one of the defendants, was at the time the writs of garnishment were served and the answers to them were made a duly elected, qualified and acting member of the house of representatives of the legislature of Hawaii, and as such was entitled to receive for his services, in addition to mileage at the rate of twenty cents per mile each way, the sum of one thousand dollars for each regular session of the legislature. The real question before us, therefore, is whether the salary to which Ahuna was entitled as such representative was under the law subject to garnishment. The answer to this question depends on whether he was "in receipt of, or entitled to a salary, stipend, or wages, from the Territory." (See R. L. 1925, Sec. 2845.) If he was entitled to receive his compensation from the Territory, then under section

2847 his salary was subject to garnishment. On the other hand, if it was payable out of funds provided for that purpose by the federal government, which funds were authorized to be disbursed only by a duly authorized federal agent, it was not subject to garnishment.

On June 27, 1930, the Congress of the United States enacted the following statute as amendatory of section 26 of the Organic Act: *"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That* section 26 of the Act entitled 'An Act to provide a government for the Territory of Hawaii,' approved April 30, 1900, as amended, is amended to read as follows: 'Sec. 26. That the members of the legislature shall receive for their services, in addition to mileage at the rate of 20 cents a mile each way, the sum of $1,000 for each regular session, payable in three equal installments, on and after the first, thirtieth, and fiftieth days of the session, to be appropriated by Congress from any moneys in the Treasury not otherwise appropriated, based upon regular estimates submitted through the Secretary of the Interior: *Provided,* That said members shall receive from the Treasury of the Territory $500 as compensation for any extra session held under the provisions of existing law: *Provided further,* That the said sums herein authorized to be appropriated from the Federal Treasury for mileage and per diem of members for regular sessions shall constitute the only sums to be appropriated by the Congress for legislative expenses." On February 6, 1931, Congress passed an Act, which is referred to as the "First Deficiency Act, fiscal year 1931," one section of which provides: "Legislative expenses, Territory of Hawaii: For compensation and mileage of members of the Legislature of the Territory of Hawaii as provided by the Act of June 27, 1930 (46 Stat., pp. 823-824), fiscal year 1931, $17,000: Provided, That the appropriation of

$30,000 under this caption in the Interior Department Appropriation Act for the fiscal year 1931 is hereby made available for such compensation and mileage."

A total sum of $47,000 was thus appropriated for the compensation and mileage of members of the legislature for the fiscal year 1931.

On February 5, 1931, the Department of the Interior addressed the following communication to Honorable Raymond C. Brown, Secretary of Hawaii: "In connection with your appointment as Secretary of the Territory of Hawaii, dated October 31, 1929, * * * you are designated a Special Disbursing Agent of the Federal appropriations for Legislative Expenses, Territory of Hawaii, and required to file an official bond in the penal sum of twenty thousand dollars ($20,000.00). Form of bond (in duplicate) with regulations, and three signature cards are inclosed. They should be returned to the Department properly executed and signed.

"Very respectfully,

"JOHN H. EDWARDS,
"Assistant Secretary."

On February 17, 1931, Raymond C. Brown executed the bond required of him, the obligee being the United States of America. On February 21, 1931, Bishop First National Bank of Honolulu notified Mr. Brown that it had credited to his official account the sum of $47,000, "Proceeds Interior Warrant No. 1294." No part of this fund was authorized by the federal government to be placed in the territorial treasury nor was any territorial officer, as such, authorized to disburse it. The right to disburse it was lodged solely in Raymond C. Brown, not as secretary of the Territory but as the special disbursing agent of the federal government. The checks drawn against the fund were signed by Mr. Brown, as special disbursing agent,

and were payable to the order of a designated member of the legislature.

It is apparent from the foregoing congressional enactments and the facts, of which we take judicial notice, that the money provided for the payment of H. N. Ahuna's compensation was not furnished in whole or in part by the Territory but by the federal government and that he received and was entitled to receive payment solely from the federal government.

The plaintiff calls our attention to *See Kong* v. *Chillingworth,* 19 Haw. 428, 429, 430, and contends that it rules the instant case. The facts in that case, however, were materially different from the facts in the instant case. In the *See Kong* case the court had before it section 2128, R. L. 1905, which is identical in its terms with section 2845, R. L. 1925. Referring to the statute the court said: "The meaning of the statute is so obvious and clear that it requires no construction. Every government official from the highest to the lowest, whether in the legislative, judicial or executive departments of the government, is necessarily included in its terms if in receipt of or entitled to a salary from the government of the Territory." The same is true now. The distinction between that case and the present case lies in the fact that in the former, as appears from the opinion of the court, "* * * senators are accustomed or entitled to draw their salaries from the clerk of the senate upon a warrant of the auditor of the Territory," while in the instant case, as we have just observed, Ahuna was entitled to receive and did receive payment of his salary, not from a territorial official, as such, but from a duly accredited agent of the United States Government. The fund out of which Ahuna was paid never went into the territorial treasury and was not paid out by a territorial officer but remained at all times under the control of the federal government until it was

disbursed by the federal agent thereunto authorized.

In these circumstances the right of the plaintiff to subject Ahuna's salary by process of garnishment to the payment of its judgment was not conferred by the territorial statutes to which we have referred. The judgment of the district magistrate is therefore affirmed.

*H. Irwin* for plaintiff.

No appearance for defendants.

*H. R. Hewitt,* Attorney General, and *E. R. McGhee,* Deputy Attorney General, for R. C. Brown, one of the garnishees.